IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLYDE REDDICK                                                              PLAINTIFF

vs.                                                                        No. 1:04CV169-D-D

TRUE TEMPER SPORTS                                        DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

The Plaintiff has worked for the Defendant True Temper Sports since 1980 and currently works in the Defendant's taper press area. On November 25, 2003, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) claiming that the Defendant had discriminated against him because of his race. Specifically, the Plaintiff asserts in his Charge that "[o]n September 22, 2003, I was denied an interview for a promotion to a crafts job and on October 6, 2003, I was denied the promotion." The EEOC issued the Plaintiff a Notice of Right to Sue letter on February 19, 2004. The Plaintiff then filed the complaint in this cause on May 19, 2004, alleging race discrimination in violation of Title VII and Section 1981. The Defendant has now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden

of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

### C. Discussion

In cases where the Plaintiff asserts claims of race discrimination under Title VII and Section 1981[1], such as those at issue in the case *sub judice*, the evidentiary procedure to be utilized is set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed. 2d 668 (1973). Under this procedure, the plaintiff has the initial burden of proving a prima facie case of

---

[1] Claims of racial discrimination brought under Title VII and 42 U.S.C. § 1981 are governed by the same evidentiary framework - that set forth in McDonnell Douglas. Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 337 (5th Cir. 1999); Harrington v. Harris, 118 F.3d 359, 367 (5th Cir. 1997); Marcantel v. State of Louisiana, Dep't of Transp. and Dev., 37 F.3d 197, 198 (5th Cir. 1994).

discrimination. McDonnell Douglas, 411 U.S. at 802. A plaintiff establishes a prima facie case of discrimination by showing:

> (1) that he is a member of a protected class;
>
> (2) that he sought and was qualified for the position at issue;
>
> (3) that he suffered an adverse employment decision; and
>
> (4) that his employer replaced him with a person who is not a member of the protected class.

Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999).

Here, the Plaintiff claims that on September 22, 2003, he was denied an interview for a promotion to a machinist position and that on October 6, 2003, he was denied the promotion, all based on his race. In order to satisfy element number two of the above *prima facie* requirements, however, the Plaintiff must establish that he sought the position at issue.

The Plaintiff is a member of a union, thus a collective bargaining agreement (CBA) between the union and the Defendant employer governs the posting and filling of job openings. Specifically, the CBA here provides that a notice of any vacant job will be placed on the plant bulletin board for 24 hours; employees interested in applying for the vacant position must sign the job vacancy form in order to be considered for the position. In accordance with this procedure, a job vacancy for the position of Maintenance Machinist, second shift was posted on the bulletin board on August 25, 2003. The Plaintiff signed the posting, indicating his interest in the job; he was the only employee who did so. Subsequently, and pursuant to the CBA, the Defendant's Human Resources Department was informed that all open job vacancies needed to be voided in order to have a "Bump."[2] Some five

---

[2] A Bump is a term used in unionized workplaces that is defined as the "displacement of a junior employee's position by a senior employee." Black's Law Dictionary 190 (7th Ed. 1999).

job vacancies, including the one the Plaintiff sought, were voided by the Bump. After the Bump was concluded, the Defendant began re-posting those jobs, out of the five, that were not filled as a result of the Bump and were to be re-opened for employee bids.

On September 22, 2003, the Defendant began re-posting the jobs, including the position of Maintenance Machinist, second shift. No one, including the Plaintiff, applied for the position during the 24-hour posting period. The very next day, September 23, 2003, another second shift Maintenance Machinist position became open; this position was also posted and received no applications, not even from the Plaintiff. This same position was then re-posted on September 25, 2003; once again, no one applied for the job. Then, on October 16, 2003, the original second shift Maintenance Machinist position was re-posted for a second time; again, no one applied. In sum, even though the first job posting for a second shift Maintenance Machinist was signed by the Plaintiff, that job announcement (along with four others) was subsequently voided due to the required Bump. Second shift Maintenance Machinist position vacancies were then posted four more times, with no applicants seeking the positions. The Plaintiff even admits that the Defendant's Human Resources Department specifically asked him if he was going to apply for the position; he said no and did not apply for the position. In light of this undisputed evidence, the court is constrained to find that the Plaintiff did not seek the position he complains of in his complaint, thus failing to make out a prima facie case of race discrimination under Title VII and Section 1981. See Anderson v. Douglas & Lomason Co., Inc., 26 F.3d 1277, 1297 (5th Cir. 1994) (holding that race discrimination plaintiffs must demonstrate that they applied for job at issue in order to establish *prima facie* case of discrimination).

Thus, in light of the undisputed fact that the Plaintiff did not apply for the Maintenance

Machinist position at issue, the court finds that the Defendant is entitled to a grant of summary judgment as to the Plaintiff's claims of race discrimination.

*D. Conclusion*

In sum, the Defendant's motion for summary judgment will be granted. The Defendant has established that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on the Plaintiff's claims.

A separate order in accordance with this opinion shall issue this day.

This the 5th day of January 2006.

/s/ Glen H. Davidson
Chief Judge